IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | In Chapter 13 |
|  | : |  |
| VENESSA EDWARDS | : |  |
|  | : | Case No. 14-18792 (AMC) |
| Debtor. | : |  |

## STIPULATION RESOLVING DEBTOR'S OBJECTION TO THE CITY OF PHILADELPHIA'S PROOFS OF CLAIM

Venessa Edwards (the "Debtor") and the City of Philadelphia (the "City"), in order to resolve the Debtor's objection to the City's Proofs of Claim #3 & #5 in the above-captioned case, hereby enter into this Stipulation Resolving Debtor's Objection to the City of Philadelphia's Proofs of Claim (the "Stipulation").

WHEREAS, the Debtor commenced the above-captioned bankruptcy case on November 3, 2014.

WHEREAS, on March 26, 2015, the City filed a proof of claim in the amount of $19,779.93 owed by the Debtor to the City as a secured claim for unpaid water debt (the "Water Claim").

WHEREAS, on July 16, 2015, the City filed an amended proof of claim in the amount of $20,998.71 owed by the Debtor to the City, of which $20,522.99 was a secured claim for real estate taxes, small commercial establishment trash fees and judgments and $475.18 was a priority claim for unpaid business taxes owed to the City pursuant to Section 507(a)(8) of the Bankruptcy Code (the "Tax Claim").

WHEREAS, on October 13, 2015, the Debtor asserted an objection to the City's Tax and Water Claims ("Objection") [Docket No. 45].

NOW, THEREFORE, in consideration of the background set forth above and the terms and conditions of this Stipulation as more fully set forth below, the Debtor and the City (collectively referred to as the "Parties") agree to be bound and do hereby stipulate as follows:

1. The Parties wish to amicably resolve the Debtor's Objection.

2. The City agrees to reclassify the Business Income & Receipts taxes for the periods: 12/31/2009, 04/15/2010 and 12/31/2010, to general unsecured debt.

3. The City agrees to reclassify the penalty portion only of the Business Income & Receipts taxes for the periods: 12/31/2011, 12/31/2012, 12/31/2013 and 04/15/2014, to general unsecured debt.

4. The City and the Debtor agree that the Water Claim shall be paid outside of the Debtor's plan and will not be paid from payments to the Trustee. The City and the Debtor further agree to the following in accordance with the terms of the Debtor's Amended Chapter 13 Plan filed on November 15, 2016:

    a. As long as the Debtor is current with her post-petition water obligations as to any particular property, the City agrees not to seek relief from the stay with respect to that particular property.

    b. The Water Claim will not be discharged in the bankruptcy and the lien will remain after the end of the bankruptcy case.

    c. After the conclusion of the Debtor's bankruptcy case, the Debtor must make payment arrangements for this debt.

5. The Debtor and the City agree that the City is entitled to post-petition interest on the real estate tax portion of the Tax Claim and that the amount of the post-

petition interest shall be $4,400. The City agrees to waive the collection of the post-petition interest on its judgment portion of the Tax Claim.

6. The City and the Debtor agree that if the Debtor pays the Tax Claim in full, before the conclusion of the sixty-month term of the Plan, the City will prorate the $4,400 post-petition interest to reflect the new payment term. The Debtor and/or the Debtor's Counsel must contact the City's Counsel to request that the post-petition interest be pro-rated prior to the submission of the final plan payment. If the City is not contacted prior to the submission of the final plan payment, the request for the interest to be pro-rated will be waived.

7. Within ten (10) days of this Stipulation receiving approval by this Honorable Court, the City shall amend its Tax Claim to reflect the adjustments reflected above in paragraphs 2 to 5.

8. To the extent she has not already done so, the Debtor will amend her Plan to reflect the terms of this Stipulation with twenty (20) days of the City filing its amended Tax Claim.

[LEFT INTENTIONALLY BLANK]

9. The terms of this Stipulation shall not be binding upon the City should this case be dismissed or converted to one under Chapter 7 unless the Debtor has already paid the Tax Claim in full.

Respectfully submitted,

Date: 11/22/16

Roger Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Suite 1A
Havertown, PA 19083
Attorney for Debtor, Venessa Edwards

Date: 11/23/2016

Pamela Elchert Thurmond, Esquire
Deputy City Solicitor
Attorney for the City of Philadelphia

AND NOW, this _____ day of _____, 2016, upon consideration of the Stipulation between Venessa Edwards and the City of Philadelphia, it is hereby ORDERED that the Stipulation is approved.

_____
ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE