**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISON**

| | | |
|---|---|---|
| IN RE:  VENESSA EDWARDS, | : | CASE NO.: 14-18792-amc |
| | : | |
| | : | |
| Debtor(s) | : | CHAPTER 13 |

**FOURTH AMENDED CHAPTER 13 PLAN**

☐ Original

☒  Fourth   Amended

Date: September 21, 2018

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5.  **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

## Part 1: Bankruptcy Rule 3015.1 Disclosures

☒ Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral

☐ Plan avoids a security interest or lien

## Part 2: Payment and Length of Plan

**§2(a)(1) Initial Plan:**

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $_____**
Debtor shall pay the Trustee $ _____ per month for _____ months; and
Debtor shall pay the Trustee $ _____ per month for \_\_\_\_ months.

☐ Other changes in the scheduled plan payment are set forth in §2(d)

**§2(a)(2) Amended Plan:**

**Total Base** Amount to be paid to the Chapter 13 Trustee ("Trustee") $  36,317.25  .

The Plan payments by Debtor shall consist of the total amount previously paid through March, 2018 ($  10,409.02  ), a lump sum of $3,000.00 on or before October 31, 2018, added to the new monthly Plan payments in the amount of $  500.00  beginning   September, 2018, (date) for   15 remaining   months through   November, 2019  .

☒ Other changes in the scheduled plan payments are set forth in §2(d).

**§2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

Retirement benefits; future rental income; financing of real estate

**§2(c)** Use of real property to satisfy plan obligations:

☐ Sale of real property
See §7(c) below for detailed description

☒ Loan modification with respect to mortgage encumbering property:
See §7(d) below for detailed description

**§2(d)** Other information that may be important relating to the payment and length of Plan:

In addition to the monthly payments provided in §2(a)(2) above, the Debtor will make a lump sum payment in the amount of $15,408.23 to the Trustee from financing real estate within 6 months of Court approval of the Debtor's Motion to Modify Plan After Confirmation.

## Part 3:  Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

**§3(a) Except as provided in §3(b) below, all allowed priority claims will be paid in full

**unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Trustee Compensation | Administrative | Percentage set by U.S. Trustee |
| Debtor's Counsel | Administrative | ~ $3,500.00 (of which $2,300.00 was paid) |
| City of Philadelphia | Taxes owed to governmental unit | $254.82 |
|  |  |  |

**§3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.** If "None" is checked, the rest of §3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in §2(a) be for a term of 60 months; see 11 U.S.C. §1322(a)(4).

| Name of Creditor | Amount of Claim to be Paid |
|---|---|
|  |  |

## Part 4: Secured Claims

**§4(a) Curing Default and Maintaining Payments**

☐ **None.** If "None" is checked, the rest of §4(a) need not be completed.

(1) The Trustee shall not make any distributions with respect to claims for pre-petition or post-petition arrears; and, Debtor shall pay directly to creditor all other monthly obligations falling due after May, 2018, the due date of Debtor's first payment under her loan modification trial period plan.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Midland Mortgage, a Division of MidFirst Bank P.O. Box 268806 Oklahoma City, OK 73126 (formerly CitiMortgage Inc) | 1422 N. 12th Street Philadelphia, PA 19122 | $852.95 | $23,952.40 (pre-petition) | n/a | $0.00 (arrearage to be cured through loan modification agreement) |

(2) The Debtor was current on payments to the following creditors on the Petition date, and Debtor shall pay directly to creditor all monthly obligations falling due post-petition.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Consumer Portfolio Service P.O. Box 98753 Phoenix, AZ  85038-0753 | 2012 Mitsubishi Galant | $510.00 | $0 | n/a | $0 |

**§4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim**

☐ **None.** If "None" is checked, the rest of §4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the Court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the Court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the Court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| City of Philadelphia Department of Revenue P.O. Box 148 Philadelphia, PA  19105 | 1422 North 12th Street Philadelphia, PA  19122 Various other real estate listed on Schedule A | $20,522.99 | ~ 8% | $4,400.00 | $24,922.99 |
| Philadelphia Gas Works c/o Law Department 1401 JFK Blvd., 5th Fl. Philadelphia, PA  19102 | 1243 W. Huntingdon St. Philadelphia, PA  19133 1132 West Oxford St. Philadelphia, PA  19122 | $0 | n/a | n/a | $0 |
| City of Philadelphia Bureau of Administrative Adjudication 913 Filbert Street Philadelphia, PA  19107 | 1243 W. Huntingdon St. Philadelphia, PA  19133 1735 Fontain St. Philadelphia, PA  19121 | $0 | n/a | n/a | $0 |

**§4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. §506**

☒ **None.** If "None" is checked, the rest of §4(c) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the Court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
|  |  |  |  |  |

**§4(d) Surrender**

☒ **None.** If "None" is checked, the rest of §4(d) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. §362(a) with respect to the secured property remains in effect upon confirmation of the Plan unless terminated by the Court after notice and hearing.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
|  |  |
|  |  |

# Part 5: Unsecured Claims

**§5(a) Specifically Classified Allowed Unsecured Non-Priority Claims**

☒ **None.** If "None" is checked, the rest of §5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be Paid |
|---|---|---|---|---|
|  |  |  | $ |  |

**§5(b) All Other Timely Filed, Allowed General Unsecured Claims**

(1) Liquidation Test (check one box)

☐ All Debtor(s) property is claimed as exempt.

☒ Debtor(s) has non-exempt property valued at $ <u>547,594.56</u> for purposes of §1325(a)(4).

(2) Funding: §5(b) claims to be paid as follows (check one box):

☐ Pro rata
☒ 100%
☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☒ **None.** If "None" is checked, the rest of §6 need not be completed.

| Creditor/Party | Nature of Contract or Lease | Treatment by Debtor Pursuant §365(b) |
|---|---|---|
|  |  |  |

## Part 7: Other Provisions

**§7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate (check one box)
☒ Upon confirmation
☐ Upon discharge

(2) ~~Unless otherwise ordered by the Court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.~~

(3) Post-petition contractual payments under §1322(b)(5) and adequate protection payments under §1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly.  All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the Court.

**§7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§7(c) Sale of Real Property**

☒ **None.** If "None" is checked, the rest of §7(c) need not be completed.

(1) Closing for the sale of _____(the "Real Property") shall be completed within months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all §4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking Court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

    (5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

    §7(d) Loan Modification

    ☐ None. If "None" is checked, the rest of §7(d) need not be completed.

    (1) Debtor has successfully pursued and has been offered a loan modification directly with Midland Mortgage, a Division of MidFirst Bank, the current servicer of the Debtor's first mortgage ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

    (2) During the trial period plan beginning May 1, 2018, Debtor shall make regular monthly payments as required under the trial period plan directly to the Mortgage Lender in the amount of $849.75 per month, which represents the regular monthly mortgage payment under the terms of the trial period plan.

    (3) If the permanent modification is not approved by December 31, 2018, Debtor shall do one of the following (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it if Debtor has failed to meet the requirements of the trial period plan; or (C) Debtor shall file an appropriate pleading with the Court for determination of her right to enter into a permanent loan modification agreement with the Mortgage Lender.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

    Level 1: Trustee Commissions*
    Level 2: Domestic Support Obligations
    Level 3: Adequate Protection Payments
    Level 4: Debtor's attorney's fees
    Level 5: Priority claims, pro rata
    Level 6: Secured claims, pro rata
    Level 7: Specially classified unsecured claims
    Level 8: General unsecured claims
    Level 9: ~~Untimely filed, allowed general unsecured claims~~

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

☐ **None.** If "None" is checked, the rest of §9 need not be completed.

A)  The automatic stay shall remain in full force and effect after confirmation unless modified by Order of Court after notice and hearing.

B)  Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors, all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

C)  Upon Court approval of any motion to modify plan after confirmation, the Debtor may alter the amount and timing of payments under this Plan.

D)  Part 7(a)(2) is deleted.  Treatment of creditors under the terms of this Plan supersedes any contrary claim amount included in such creditors' proofs of claim.

E)  Liens and/or Other Charges for Water Service. The Debtor will pay the allowed amount of such claims of the City of Philadelphia Water Revenue Bureau in the amount of the City of Philadelphia's Claim No. 3 filed on March 26, 2015, under the following terms and conditions, until and unless Debtor finances a mortgage on one or more of her properties and is able to pay such claims in full through such financing:

  (i)  the Debtor will defer payment of the amounts listed in the City of Philadelphia's Claim No. 3 and not pay that debt under the terms of this Plan;

  (ii) the debt will not be discharged in this bankruptcy case and any liens associated with the amounts included in the City of Philadelphia's Claim No. 3 will remain unaffected during and after this bankruptcy case;

  (iii) the City of Philadelphia may not seek relief from the automatic stay as long as the Debtor maintains her post-petition payments for water service at the properties listed in the City of Philadelphia's Claim No. 3; and

  (iv) after the conclusion of this bankruptcy case, the Debtor must make payment arrangements for the amount due pursuant to the City of Philadelphia's Claim No. 3.

F)  Part 8, Level 9 is deleted.  No distribution will be made by the Trustee to untimely filed general unsecured claims, because no such claims shall be deemed allowed.

G)  Attorney Fees.  If any additional charges not covered by the flat rate agreement for basic Chapter 13 legal representation services are incurred, the Debtor may modify his Plan to provide for the additional charges.

Document      Page 10 of 10

## Part 10: Signatures

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID. By signing below, attorney for Debtor(s) and the Debtor certify that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Regional Bankruptcy Center of Southeastern PA, P.C., by:

Date: __September 21, 2018__

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Attorney for Debtor(s)

Date: _September 21, 2018_

Venessa Edwards, Debtor