**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

|  |  |  |
|---|---|---|
| **VENESSA EDWARDS,** | **:** | **CHAPTER 13** |
|  | **:** |  |
| **Debtor** | **:** | **BANKRUPTCY NO. 14-18792-amc** |

**STIPULATION TO SETTLE DEBTOR'S MOTION FOR RECONSIDERATION
AND RELIEF FROM ORDER ENTERED ON JULY 1, 2019,
GRANTING RELIEF FROM THE AUTOMATIC STAY TO MIDFIRST BANK AND
CONSENT TO DEBTOR'S MOTION TO MODIFY PLAN AFTER CONFIRMATION**

**WHEREAS**, Debtor entered into a mortgage loan transaction with Mortgageit, Inc. on or about July 11, 2008, consisting of a Note in the amount of $91,350.00 and a Mortgage on her home at 1422 North 12th Street, Philadelphia, PA  19122, securing the Note (the Note and Mortgage are sometimes collectively hereinafter referred to as "the Mortgage Loan");

**WHEREAS**, MidFirst Bank represents that through a series of assignments and other transfers, all rights, including but not limited to servicing rights, title and interest in the Note and Mortgage have been acquired by MidFirst Bank and/or Midland Mortgage Company, a Division of MidFirst Bank (hereinafter collectively "MidFirst");

**WHEREAS**, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on November 3, 2014, Docket No. 14-18792, as captioned above;

**WHEREAS**, the Debtor was approved for a loan modification by MidFirst and was authorized to enter into the loan modification by Order entered on December 7, 2016;

**WHEREAS**, the Debtor made her three trial plan payments, but the last such payment was received on the 30th day after it was due, and MidFirst sent Debtor a notice of cancellation;

**WHEREAS**, the Debtor and MidFirst reached an agreement that Debtor would reapply for the loan modification, and MidFirst subsequently approved Debtor's loan modification

application, which was reported to the Court;

**WHEREAS**, the Debtor  completed her trial period plan payment, and subsequently was approved for a permanent loan modification by MidFirst, and the Debtor signed and returned the required documents, all of which were received by MidFirst but subsequently deemed inadequate;

**WHEREAS**, on June 19, 2019, MidFirst filed a Certification of Default pursuant to a Stipulation that pre-dated the loan modification, attaching a Notice listing numerous past due amounts, almost all of which pre-dated the loan modification;

**WHEREAS**, based upon the Certification of Default, the Court entered an Order granting relief from the automatic stay to Midfirst on July 1, 2019;

**WHEREAS**, the Debtor filed a timely Motion for Reconsideration and Relief from Order Entered on July 1, 2019, Granting Relief from the Automatic Stay to MidFirst Bank, pursuant to Bankruptcy Rules 9023 and 9024, on July 15, 2019;

**WHEREAS**, the Debtor and MidFirst agreed that Debtor could reapply for a loan modification to MidFirst, and the parties agreed to continue the hearings on the Debtor's Motion for Reconsideration and Relief from Order Entered on July 1, 2019, Granting Relief from the Automatic Stay to MidFirst Bank while the Debtor reapplied for a loan modification;

**WHEREAS**, the Debtor reapplied for a loan modification on September 24, 2019, that was approved by MidFirst in November, 2019;

**WHEREAS**, the Debtor filed a Motion to Modify Plan After Confirmation and Abate Arrears Under the Revised Fourth Amended Chapter 13 Plan Approved by the Court on January 8, 2019, on November 5, 2019, providing for the Debtor to cure the remaining arrears on the Mortgage Loan by means of the loan modification for which the Debtor was approved in November, 2019;

**WHEREAS**, the Debtor made the required three trial period plan payments to MidFirst for December, 2019, January and February, 2020;

**WHEREAS**, MidFirst offered the Debtor a permanent loan modification agreement on February 28, 2020 (hereinafter "the Permanent Loan Modification"), which the Debtor accepted, and the Debtor signed and returned all necessary documents to enter into the permanent loan modification agreement;

**WHEREAS**, MidFirst either has executed or will be executing the Permanent Loan Modification in the near future, and the parties will submit a motion to the Court for approval of the Permanent Loan Modification;

**NOW, THEREFORE**, in consideration of the background set forth above, which is incorporated herein by reference, and the terms and conditions of agreement set forth below, the parties agree to be bound and do hereby stipulate as follows:

1.    The automatic stay shall be **REINSTATED** as to MidFirst Bank.

2.    The Order entered on July 1, 2019, granting relief from the automatic stay to MidFirst Bank, shall be **VACATED**.

3.    Nothing in this Stipulation shall be deemed a waiver of MidFirst Bank's rights under or prevent MidFirst Bank from exercising any and all rights under the Mortgage Loan, as modified by the Permanent Loan Modification, with respect to any future default by the Debtor.

4.    MidFirst Bank has no objection to the Debtor's Motion to Modify Plan After Confirmation and Abate Arrears Under the Revised Fourth Amended Chapter 13 Plan Approved by the Court on January 8, 2019, and consents to the Court's approval of the Debtor's Fifth

Amended Chapter 13 Plan, filed as Exhibit "A" to the Motion to Modify Plan After

Confirmation on November 5, 2019.

*IN WITNESS WHEREOF, intending to be legally bound in settling both the Debtor's*

*Motion for Reconsideration and Relief from Order Entered on July 1, 2019, Granting Relief from*

*the Automatic Stay to MidFirst Bank, pursuant to Bankruptcy Rules 9023 and 9024 and the*

*Debtor's Motion to Modify Plan After Confirmation, the Parties have executed this Stipulation*

*on the dates indicated below.*

KML LAW GROUP, P.C., by:


Date: ____4/7/2020_____     _/s/Rebecca A. Solarz, Esq._____
                                      Kevin G. McDonald, Esquire
                                      Rebecca A. Solarz, Esquire
                                      Counsel for MidFirst Bank


                                      REGIONAL BANKRUPTCY CENTER OF
                                      SOUTHEASTERN PA, P.C., by:


Date: ____April 7, 2020_____     _____
                                      Roger V. Ashodian, Counsel for Debtor


## ORDER

AND NOW, upon consideration of the foregoing Stipulation between MidFirst Bank, and

the Debtor, Venessa Edwards, it is hereby **ORDERED** that the Stipulation is approved and made

an Order of the Court.

BY THE COURT:


Date: ___**April 8, 2020**_____     _____
                                      HONORABLE ASHELY M. CHAN
                                      UNITED STATES BANKRUPTCY JUDGE